IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**VLSI TECHNOLOGY LLC,**

    **Plaintiff,**

v.                                              Civil Action No. 3:24-cv-213

**PATENT QUALITY ASSURANCE, LLC,**

    **and**

**JOSPEH URADNIK,**

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff VLSI Technology LLC's ("VLSI") Motion to Compel Defendant Patent Quality Assurance, LLC to Comply with Local Civil Rule 7.1 (the "Motion"). (ECF No. 13.) Defendant Patent Quality Assurance, LLC ("PQA") filed a brief in opposition, (ECF No. 22), and VLSI replied, (ECF No. 24). The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. Accordingly, this matter is ripe for disposition. For the reasons that follow, the Court will grant VLSI's Motion. (ECF No. 13.)

### I. Factual and Procedural Background

On January 31, 2024, VLSI filed a four-count Complaint against PQA and Joseph Uradnik (collectively, "Defendants") in the Circuit Court of the City of Alexandria, Virginia, alleging abuse of process, common law fraud, statutory business conspiracy, and common law conspiracy. (ECF No. 1-1, at 63, 83–88.) On March 20, 2024, Defendants removed the action to the United States District Court for the Eastern District of Virginia, Alexandria Division. (ECF No. 1, at 1.) On the same day, pursuant to Local Rule 7.1 of the Eastern District of Virginia,

PQA filed a Financial Interest Disclosure Statement. (ECF No. 2.) PQA left the first two sections of the Disclosure Statement blank, and filled out the third portion as follows:

> Pursuant to Local Rule 7.1 of the Eastern District of Virginia and to enable Judges and Magistrate Judges to evaluate possible disqualifications or recusal, the undersigned counsel for Patent Quality Assurance, LLC in the above captioned action, certifies that there are no parents, trusts, subsidiaries and/or affiliates of said party that have issued shares or debt securities to the public.

(ECF No. 2, at 1.)

On April 9, 2024, VLSI filed a Motion to Compel Defendant PQA to Comply with Local Civil Rule 7.1. (ECF No. 13.) Defendant Patent Quality Assurance, LLC ("PQA") filed a brief in opposition, (ECF No. 22), and VLSI replied, (ECF No. 24).

## II. Standard of Review

The Supreme Court, pursuant to the Rules Enabling Act,[1] established the following rule:

> After giving public notice and an opportunity for comment, a district court, acting by a majority of its district judges, may adopt and amend rules governing its practice. A local rule must be consistent with—but not duplicate—federal states and rules adopted under 28 U.S.C. §§ 2072 and 2075[.]

Fed. R. Civ. P. 83(a)(1). In accordance with such rule, the district judges of this Court have adopted Local Rules. *See* E.D. Va. Local Civil R. 1(A). Local Rule 7.1(A) concerns disclosure statements and provides:

> (A) **Nongovernmental Corporations.** A nongovernmental corporation, partnership, trust, or other similar entity that is a party to, or that appears in, an action or proceeding in this Court shall:
>
> (1) file a statement that:
>
> a. identifies all its parent, subsidiary, or affiliate entities (corporate or otherwise) that have issued stock or debt securities to the public and also identifies any publicly held entity (corporate or otherwise) that owns 10% or more of its stock, and

---

[1] The Supreme Court has "the power to prescribe general rules of practice and procedure . . . for cases in the United States district courts[.]" 28 U.S.C. § 2072(a).

2

> b. identifies all parties in the partnerships, general or limited, *or owners or members of non-publicly traded entities such as LLCs* or other closely held entities, or
>
> c. states that there is nothing to report under Local Rule 7.1(A)(1)(a) and (b)[.]

E.D. Va. Local Civil R. 7.1(A) (emphasis added). In short, an LLC "that is a party to, or that appears in, an action or proceeding in this Court" and fails to identify its "owners or members" has violated the Court's Local Rules. E.D. Va. Local Civil R. 7.1(A).

### III. Analysis

PQA is a South Dakota limited liability company ("LLC"). (ECF No. 14-1, at 2.) PQA acknowledges that it did not disclose its individual members in its Local Rule 7.1 Disclosure Statement. (ECF No. 22, at 13.) However, PQA argues that its Local Rule 7.1 Disclosure Statement is complete because Local Rule 7.1 only requires the disclosure of "*entities* which pose potentially disqualifying financial conflicts." (ECF No. 22, at 15 (emphasis in original).)

This is incorrect. The plain language of the rule requires parties to "file a statement that . . . identifies all parties in the partnerships, general or limited, or owners or *members* of non-publicly traded entities such as LLCs or other closely held entities[.]" E.D. Va. Local Civil R. 7.1(A) (emphasis added); *see also State Auto. Manual Ins. Co. v. Daubert, Shannon & Assocs., LLC*, No. 2:21-cv-609 (RCY), 2021 WL 11702072, at *1, (ECF No. 10) (E.D. Va. Dec. 17, 2021) (finding an LLC's Disclosure Statement deficient when the LLC certified "that no publicly held corporation owns 10% or more of the ownership of said party and that there are no parents, trusts, subsidiaries and/or affiliates of said party that have issued shares or debt securities to the public" but failed to identify its owners or members). Local Rule 7.1 does not distinguish between "individual" and "entity" members of an LLC. If "the text of the Rule [is] clear and

3

unambiguous," the Court's "inquiry is complete." *Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993).

Even were the Court to look further, the history and purpose of both Federal Rule of Civil Procedure 7.1 and Local Rule 7.1 accord with the plain language of Local Rule 7.1. The purpose of Federal Rule of Civil Procedure 7.1 is to require parties to provide information to courts that will enable judges to make disqualification decisions in accordance with Canon 3C(1)(c)[2] of the Code of Conduct for United States Judges. Fed. R. Civ. P. 7.1, 2002 Advisory Committee Notes. Federal Rule of Civil Procedure 7.1 specifically "does not prohibit local rules that require disclosures in addition to those required by Rule 7.1" *Id.* The Eastern District of Virginia's corresponding Local Rule does just that, requiring additional disclosures to those contained in Federal Rule of Civil Procedure 7.1. Specifically, parties must identify "all parties in the partnerships, general or limited, or owners or *members* of non-publicly traded entities such as LLCs or other closely held entities[.]" E.D. Va. Local R. 7.1 (emphasis added).

Local Rule 7.1's requirement that parties disclose individual members of an LLC advances the Rule's purpose of ferreting out conflicts of interest because individuals may enter

---

[2] Canon 3C states, in relevant part:

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

\*   \*   \*

(c) the judge knows that the judge, individually or as a fiduciary, or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding[.]

Code of Conduct for United States Judges, Canon 3C(1)(c).

4

into financial arrangements with judges. Further, judges may have personal relationships with individuals necessitating disqualification. PQA's assertion that the possibility of such a relationship is "vanishingly slim", (ECF No. 22, at 18), insufficiently satisfies the Court's burden to ensure that no grounds for recusal exist, financial or otherwise. *See Liteky v. United States*, 510 U.S. 540, 548 (1994). Thus, the Court will grant VLSI's Motion and require PQA to file a Disclosure Statement identifying its members as required by Local Rule 7.1.[3]

### IV. Conclusion

For the foregoing reasons, the Court will grant VLSI's Motion. (ECF No. 13.)

An appropriate order shall issue.

Date: 12/5/24  
Richmond, Virginia

/s/  
M. Hannah Lauck  
United States District Judge

---

[3] The Court rejects PQA's alternative request "that it be excused from making [the] disclosure" "of the identities of the individual members of [the] LLC." (ECF No. 22, at 18–19.)